IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NABIL KHLAFA**, <br><br> Plaintiff, <br><br> v. <br><br> **OREGON HEALTH AND SCIENCE UNIVERSITY**, <br><br> Defendant. | Case No. 3:23-cv-1013-SI <br><br> **ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS ON PLAINTIFF** |

**Michael H. Simon, District Judge.**

Plaintiff, proceeding *pro se*, has filed a Motion for Leave to File Second Amended Complaint ("Motion"), which incorporates a proposed Second Amended Complaint. *See* ECF 44. In support of his Motion, Plaintiff (i) relies on cases that do not appear to exist, and (ii) relies on cases that do exist, but Plaintiff grossly misstates the facts, analyses, and holdings of these cases. For examples of cases in the first category, see ECF 52 at 7-9 (citing and discussing the following cases that do not appear to exist: "*Nielson v. George*, 736 F.3d 1196 (9th Cir. 2013);" "*Gruber v. Gruber*, 146 Or. App. 317 (1997);" and "*Johnson v. Ford Motor Co.*, 106 F.3d 626 (11th Cir. 1997)"). For examples of cases in the second category, see ECF 52 at 7-9 (citing and misstating the facts, analyses, and holdings of *Smith v. Healy*, 744 F. Supp. 2d 1112 (D.

PAGE 1 – ORDER TO SHOW CAUSE

Or. 2010); and *Cameron v. City of New York*, 598 F.3d 50 (2d Cir. 2010)). These false citations and misleading case descriptions appear to be hallmarks of an artificial intelligence ("AI") tool, such as ChatGPT.

It is now well known that AI tools "hallucinate" fake cases. *See Kruse v. Karlen*, 692 S.W.3d 43, 52 (Mo. Ct. App. 2024) (noting, in February 2024, that the issue of fictitious cases being submitted to courts had gained "national attention").[1] In addition, the Court takes judicial notice of the fact that a simple internet search seeking guidance on whether it is advisable to use AI tools to conduct legal research or draft legal filings will return search results explaining that any legal authorities or legal analysis generated by AI needs to be verified.

In addition, Rule 11 of the Federal Rules of Civil Procedure, titled "Representations to the Court," "imposes a duty of 'reasonable inquiry'" to ensure, among other things, that "anything filed with the court is . . . [']legally tenable.'" *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Rule 11(b) provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*:
>
> . . . .

---

[1] *See also, e.g.*, Benjamin Weiser, *Here's What Happens When Your Lawyer Uses ChatGPT*, N.Y. Times (May 27, 2023); Larry Neumeister, *Lawyers Submitted Bogus Case Law Created by ChatGPT. A Judge Fined Them $5,000*, Associated Press (June 22, 2023); Erin Mulvaney, *Judge Sanctions Lawyers Who Filed Fake ChatGPT Legal Research*, Wall St. J. (June 22, 2023); LegalEagle, *How to Use ChatGPT to Ruin Your Legal Career*, YouTube.com (June 10, 2023), https://www.youtube.com/watch?v=oqSYljRYDEM.

PAGE 2 – ORDER TO SHOW CAUSE

>(2) the claims, defenses, and other legal contentions are warranted
>by existing law or by a nonfrivolous argument for extending,
>modifying, or reversing existing law or for establishing new law[.]

(emphases added).[2] As one court explained when addressing how Rule 11 applies when a litigant submits a filing that relies on fake cases:

>A fake opinion is not "existing law" and citation to a fake opinion
>does not provide a non-frivolous ground for extending, modifying,
>or reversing existing law, or for establishing new law. An attempt
>to persuade a court or oppose an adversary by relying on fake
>opinions is an abuse of the adversary system.

*Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) (footnote omitted).

Under Rule 11, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Although a court must take a party's *pro se* status into account when determining whether a party has acted reasonably under Rule 11, district courts "cannot decline to impose any sanction where a violation has arguably occurred simply because the plaintiff is proceeding *pro se*." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994); *see also Kruse*, 692 S.W.3d at 52-54 (where *pro se* party submitted "fictitious and incorrect legal authorities" and violated additional court rules, court imposing sanction of $10,000 despite recognizing pro se party's "admissions and remorse" and "the challenges placed on *pro se* litigants who are unable to afford legal counsel" (construing and applying state analogue to Rule 11)).

For the reasons stated in this Order, the Court ORDERS Plaintiff to show cause, by November 15, 2024, why the Court should not: (i) dismiss Plaintiff's remaining ADEA claims as

---

[2] In a prior Order, the Court informed Plaintiff that he is not exempt from the requirements of the Federal Rules of Civil Procedure. ECF 31 at 2 n.2.

a sanction for violating Rule 11; (ii) require Plaintiff to pay attorney's fees and costs incurred by Defendant in responding to Plaintiff's Motion for Leave to File Second Amended Complaint; (iii) impose some other sanction for Plaintiff's failure to verify authorities and legal statements incorporated into his filings; (iv) going forward, require Plaintiff to identify, under penalty of perjury, all cases, legal propositions, and factual assertions incorporated into any paper that will be filed with the Court (including his response to this Order) that are generated in whole or in part by any artificial intelligence tool and whether Plaintiff verified the cited cases, propositions, and assertions. Further, any factual assertions in Plaintiff's response to this Order must be supported by sworn affidavit or declaration and, if relied upon, properly authenticated evidence. At Defendant's option, it may submit a reply to Plaintiff's response to this Order by December 2, 2024. Defendant also may provide an estimate of fees and costs incurred in responding to Plaintiff's Motion for Leave to File Second Amended Complaint.

**IT IS SO ORDERED.**

DATED this 1st day of November, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER TO SHOW CAUSE