IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NABIL KHLAFA**, | Case No. 3:23-cv-1013-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **OREGON HEALTH AND SCIENCE UNIVERSITY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Before the Court are three motions filed by Plaintiff, representing himself. First, Plaintiff moves for reconsideration of the Court's Order denying Plaintiff's motion for appointment of counsel (ECF 90). Second, Plaintiff moves for reconsideration of the Court's Order awarding Defendant attorney's fees (ECF 92).[1] Third, Plaintiff moves to stay enforcement of the attorney's fee award (ECF 94). For the following reasons, the Court denies all motions.

---

[1] This motion also includes a request that the Court "[i]mpose sanctions on Defendant's counsel for engaging in deceptive and abusive litigation tactics, including the improper inclusion of undisclosed attorney fees and the continuous exploitation of Plaintiff's pro se status." ECF 92 at 5. Under Local Rule 7-1(b), motions may not be combined with any other pleading. Plaintiff's motion for sanctions is thus improper and the Court does not consider it.

PAGE 1 – ORDER

Rule 54(b) of the Federal Rules of Civil Procedure provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The rule, however, does not address the standards that a district court should apply when reconsidering interlocutory orders, and the Ninth Circuit has not established a standard of review. "Rule 54(b) is not a mechanism to get a 'do over' to try different arguments or present additional evidence when the first attempt failed. Thus, while the limits governing reconsideration of final judgments under Rule 59(e) do not strictly apply, courts frequently invoke them as common-sense guideposts when parties seek reconsideration of an interlocutory ruling under Rule 54(b)." Stephen S. Gensler & Lumen N. Mulligan, 2 *Fed. R. of Civ. P., Rules and Commentary*, Rule 54 (2022).

When reconsidering an interlocutory order, district courts in the Ninth Circuit have stated:

> Motions to reconsider under Rule 54(b), while generally disfavored, may be granted if: (1) there are material differences in fact or law from that presented to the court and, at the time of the court's decision, the party moving for reconsideration could not have known the factual or legal differences through reasonable diligence; (2) there are new material facts that happened after the Court's decision; (3) there has been a change in law that was decided or enacted after the court's decision; or (4) the movant makes a convincing showing that the court failed to consider material facts that were presented to the court before the court's decision.

*In re Galena Biopharma, Inc. Derivative Litig.*, 2014 WL 5494890 (D. Or. Oct. 30, 2014) (quoting *Lyden v. Nike, Inc.*, 2014 WL 4631206, at *1 (D. Or. Sept. 15, 2014)); *see also Stockamp & Assocs. v. Accretive Health*, 2005 WL 425456, at *6-7 (D. Or. Feb. 18, 2005) (discussing the four factors as established in the local rules of the Central District of California and applied by other district courts within the Ninth Circuit); *cf. U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (noting that courts have more

discretion in evaluating reconsideration under Rule 54(b) and concluding that "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice" (quotation marks omitted)). However, "[w]hile a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to think about an issue again in the hope that it will come out the other way the second time." *Brown v. S. Nev. Adult Mental Health Servs.*, 2014 WL 2807688, at *2 (D. Nev. June 20, 2014) (cleaned up).

In both of Plaintiff's motions for reconsideration, he rehashes his prior arguments. Plaintiff has not raised any of the reasons that justify a court granting reconsideration. The Court thus denies both motions.

As to Plaintiff's Motion to Stay Enforcement of Attorney Fee Award, because there has not yet been a judgment or a proceeding to enforce the attorney's fee award, this motion is not properly before the Court. The Court therefore denies this motion.

The Court DENIES Plaintiff's Motion for Reconsideration of Order Denying Motion for Appointment of Counsel, ECF 90. The Court also DENIES Plaintiff's Motion for Reconsideration of Order Awarding Attorney Fees, ECF 92. The Court also DENIES Plaintiff's Motion for Order Staying Enforcement of Attorney Fee Award, ECF 94.

**IT IS SO ORDERED.**

DATED this 24th day of January, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge