Monica Goracke, OSB #060650
monica@elemental.law
Hope Del Carlo, OSB #002410
hope@elemental.law
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel.: (971) 339-0189
Fax: (503) 345-6655
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NABIL KHLAFA,** | Case No.: 3:23-cv-01013-SI |
| Plaintiff, | **PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| v. | |
| **OREGON HEALTH AND SCIENCE UNIVERSITY,** | |
| Defendant. | |

## I.    LR 7-1 (a) CERTIFICATION

Pursuant to LR 7-1 (a), Plaintiff made a good faith effort through telephone conferences to resolve the dispute and has been unable to do so.

## II. MOTION

Pursuant to Federal Rules of Civil Procedure and Local rules LR 26-3 and LR 37, plaintiff Nabil Khlafa (hereinafter "Mr. Khlafa" or "plaintiff"), hereby moves the Court for an order compelling defendant OHSU (hereafter "OHSU" or "defendant") to respond to outstanding

discovery and to produce documents. Plaintiff respectfully requests that the Court enter an order compelling defendant to produce the requested discovery responses.

## III. MEMORANDUM IN SUPPORT

### A.    Factual Background

On June 25, 2025, Plaintiff, by and through his counsel, served discovery requests on defendant seeking discovery needed to prepare for trial. Counsel for plaintiff and defendant conferred by telephone about these requests, and defendant's counsel agreed to (and did) provide some of the requested items.

On July 10, 2025, this Court held a telephone conference during which discovery was discussed along with other matters. The Court indicated that although the trial in this case involves events that occurred between November 7 and November 16, 2022, plaintiff may be allowed to introduce some background evidence related to plaintiff's claims of age discrimination, with a limiting instruction to the jury.

In light of the Court's suggestion, plaintiff, by and through his counsel, again asked to confer with defendant regarding the remaining discovery requests. This conferral occurred by telephone on August 4, 2025. Plaintiff offered to narrow the scope of his requests or to otherwise alter his requests to make them less burdensome for defendant to produce. Defendant responded that the request was not relevant to the narrow timeframe of alleged age discrimination at issue and that it would be unduly burdensome to provide responses. Defendant also raised concerns that producing this evidence could violate other non-party employees' privacy.

### B.    Argument

#### 1.    Standard for Production

The Federal Rules of Civil Procedure permit parties in litigation to "obtain discovery

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655

regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R.

Civ. P. 26(b)(1). Specifically relating to documents in their possession, parties subject to a

request must produce:

> (A) Any designated documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings images, and other data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonable usable form; or (B) any designated tangible things. . . .

*Id.* at 34(a)(1).

### 2.    Plaintiff's Requests Are Relevant to His Claim and Not Overly Burdensome.

The remaining discovery requests to which defendant objects are plaintiff's Interrogatory

Nos. 1, 2, and 3, and his Request for Production of Documents No. 5. Interrogatory Nos. 1, 2,

and 3 ask for the following information:

"INTERROGATORY NO. 1: Please identify all of your employees and/or independent

contractors who worked in the same department as the plaintiff between 2016 to 2022.

INTERROGATORY NO. 2: For each person identified in response to Interrogatory 1, please

provide the person's date of birth, hire date, and date of termination/separation of employment, if

applicable, along with a reason for separation, if known.

INTERROGATORY NO. 3: For each person identified in response to Interrogatory 1 please

provide a promotion and demotion history, including job title before and after promotion or

demotion, the amount of any pay changes, whether the person applied for a promotion or was

given a promotion or demotion without request, and your reasons for promotion, denial, or

demotion."

The Request for Production of Documents No. 5 asks for "All documents indicating the

age and professional qualifications of the successful applicants for all positions for which

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655

plaintiff applied during his employment at OHSU."

All of these requests relate directly to plaintiff's claims that OHSU refused to promote him into any position other than his entry-level position and that OHSU hired and promoted younger, less-qualified applicants into the positions for which he applied. This is background evidence relevant to plaintiff's ADEA claims.

Plaintiff limited the requests in scope to the last six years of his fifteen years of employment with OHSU to make the request less burdensome. Plaintiff does not need, or intend to seek, the name of any other OHSU employee or job applicant – they could be identified by a number or other anonymous code. Plaintiff only seeks such employees' or job applicants' ages and qualifications, so privacy should not be an issue, and the Court could issue a protective order if needed. Plaintiff offered to rephrase his requests in a way that would make the production of this evidence less onerous for defendant to produce.

The trial in this case involves the question of whether OHSU "had the intent to, and would continue to keep [him] in an entry level position for the remaining years of [his] employment" if he did not sign the settlement agreement. (Opinion and Order, November 1, 2024, Doc. 68, p. 20). Background evidence of OHSU's passing Mr. Khlafa over for promotion in favor of younger and less-qualified people, and keeping him in an entry-level position, is relevant to prove why Mr. Khlafa had good reason to fear that OHSU would in fact do the same thing it threatened to do in the settlement negotiations, thus helping him establish constructive discharge.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion to Compel Discovery.

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655

DATED: August 7, 2025.

_s/Monica Goracke_
Monica Goracke, OSB #060650
Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
(Tel) 971-339-0189
(Fax) 503-345-6655

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2025, I served a true and correct copy of

the attached Plaintiff's Motion to Compel Discovery by email and first-class mail to the attorney

whose address and email address appear below:


Karen O'Kasey
Hart Wagner LLP
1000 SW Broadway 20th Floor
Portland, OR 97205
*kok@hartwagner.com*


By:     *s/Monica Goracke*
        Monica Goracke
        **Attorney for Plaintiff Nabil Khlafa**

Page 6 of 6 – PLAINTIFF'S MOTION TO
COMPEL DISCOVERY

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655