Monica Goracke, OSB #060650
monica@elemental.law
Hope Del Carlo, OSB #002410
hope@elemental.law
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel.: (971) 339-0189
Fax: (503) 345-6655

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NABIL KHLAFA,** | Case No.: 3:23-cv-01013-SI |
| Plaintiff, | **PLAINTIFF'S MOTION TO CONSOLIDATE CASES AND MEMORANDUM IN SUPPORT** |
| v. | |
| **OREGON HEALTH AND SCIENCE UNIVERSITY,** | ORAL ARGUMENT REQUESTED |
| Defendant. | |

## I. MOTION

Pursuant to Federal Rule of Civil Procedure 42(a), plaintiff Nabil Khlafa (hereinafter "Mr. Khlafa" or "plaintiff"), hereby moves the Court for an order consolidating this case with his ORS 659A.370 claim in Case No. 24-cv-02020-SI. A parallel motion to consolidate has been filed in each case as required by LR 42-3.

## II. MEMORANDUM IN SUPPORT

### A. Factual and Procedural Background

Page 1 of 8 – PLAINTIFF'S MOTION TO CONSOLIDATE

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655

Over the past nearly three years, plaintiff has consistently attempted to litigate the issue of whether OHSU illegally insisted on a no-rehire provision in the settlement agreement negotiated between the parties in November, 2022. His claim arises from an Oregon statute, ORS 659A.370 (specifically, sub-sections (2)(a)(C) and (2)(b)(A)), which is part of the Oregon Workplace Fairness Act and allows a plaintiff to bring suit under ORS 659A.885. If a plaintiff succeeds on this claim, he may recover a civil penalty of up to $5,000 as well as lost wages and emotional distress damages.

In plaintiff's EEOC charge filed March 28, 2023, he stated, "The waiver Respondent coerced me to sign has violated my rights under the Oregon Workplace Fairness Act (OWFA), the Oregon law that further restrict what an employer may request when entering a settlement or separation agreement with an employee claiming discrimination under ORS 659A.030, 659A.082, or 659A.112." (Doc. 51-3, p. 3.) Plaintiff also raised this issue in paragraph 30 of his original complaint (filed in state court) in this case. (Doc. 1-2, p. 7.)

The Court explicitly addressed this claim in its Order Partially Granting Summary Judgment ("Order"), stating that Mr. Khlafa had not sued under ORS 659A.885 for a violation of ORS 659A.370. (Doc. 31, p. 9, footnote 7.) Mr. Khlafa understood this Order to require him to sue OHSU in state court for this claim. (Declaration of Nabil Khlafa (hereafter "Khlafa Decl.", ¶ 2.) For this reason, Mr. Khlafa waited for BOLI to issue a right-to-sue letter on his state law claims, which BOLI did on August 22, 2024, and he then filed a separate case (within 90 days, on November 8, 2024) in state court attempting to raise only his Oregon Workplace Fairness Act claims and state-law employment discrimination claims. (Khlafa Decl., ¶¶ 3, 4.) OHSU removed that case to federal court and it is now before this Court as a separate case (Case No. 24-cv-02020-SI). The August 22, 2024, letter from BOLI is attached as Exhibit 1 to Mr. Khlafa's

Page 2 of 8 – PLAINTIFF'S MOTION TO CONSOLIDATE

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655

original complaint in Case No. 24-cv-02020-SI. (Doc. 001-02, p. 28.)

In his original complaint in Case No. 24-cv-02020-SI, Mr. Khlafa explicitly invoked ORS 659A.370(2)(c) as his "Fourth Claim for Relief," and he sought lost wages and emotional distress damages, as permitted under ORS 659A.885. (Doc. 001-02, p. 20.) He also sought declaratory and injunctive relief because of his concern that the no-rehire provision is so broad as to extend not only to OHSU but also to its contractors. (Doc. 001-02, p. 25; *see also* Khlafa Decl., ¶ 5.)

When this case was removed to federal court and plaintiff was given leave to amend his complaint, he did his best, as a *pro se* plaintiff without formal legal training, to rephrase his claims so that it would be clear that he was not alleging any violation of federal law. (Khlafa Decl.", ¶ 6.) Plaintiff repeatedly referred throughout his First Amended Complaint to the no-rehire provision and to ORS 659A. (Doc. 20, all pages.) As he is not a lawyer, plaintiff thought that these allegations were sufficient to keep his ORS 659A.370 claim alive in the case, and he did his best to conform his complaint to what he understood to be the requirements for complaints brought under state law. (Khlafa Decl., ¶ 7.) Plaintiff did not understand that by not specifically alleging ORS 659A.370, it could appear that he had dropped this claim. (Khlafa Decl, ¶ 8.) He did not intend to drop the claim, and he respectfully requests this Court to allow him to proceed with this claim. (*Id.*)

B. Argument

1. Legal Standard

Federal Rule of Civil Procedure 42(a) provides for consolidation of cases involving common questions of law or fact. In such cases, the court may order a joint hearing or trial of any or all the matters in issue in the actions, may order the actions consolidated, and may make

Page 3 of 8 – PLAINTIFF'S MOTION TO CONSOLIDATE

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655

such orders concerning the proceedings as may avoid unnecessary costs or delay.

The purpose in consolidating cases under this rule is "to promote convenience and judicial economy." Midwest Community Council, Inc. v. Chicago Park Dist., 98 F.R.D. 491, 499 (N.D. Ill. 1983) (*citing* Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-497 (1973)). The rule, FRCP 42(a), "give[s] the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Wright & A. Miller, Federal Practice and Procedure*, § 2381 (1971).

In exercising this discretion, a court should weigh the time and effort consolidation would save against the possible inconvenience or delay it would cause. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985); Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). If two cases appear to be similar and involve the same questions, the court's discretion extends to consolidating them for trial if doing so is reasonable and would avoid unnecessary costs and delay. Midwest Community Counsel at 499-500 (*citing* Mutual Life Ins. Co. v. Hillmon, 145 U.S. 285 (1892)).

2. **Information Required By LR 42-3**

The following paragraphs provide the information required by LR 42-3.

(1) The case numbers, case titles, and assigned judges of every related case pending in the District of Oregon are as follows: Nabil Khlafa v. Oregon Health and Science University, U.S.D.C. Or. No. 3:23-cv-01013-SI, assigned to Hon. Michael H. Simon, and Nabil Khlafa v. Oregon Health and Science University, U.S.D.C. Or. No. 3:24-cv-02020-SI, assigned to Hon. Michael H. Simon.

Page 4 of 8 – PLAINTIFF'S MOTION TO CONSOLIDATE

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655

(2) Plaintiff does not know of any other related cases pending in any other state or federal court, aside from those identified above.

(3) The cases to be consolidated pose the following common questions of law or fact: This Court has ruled that the October trial will focus on Mr. Khlafa's ADEA claims of disparate treatment and retaliation predicated on acts alleged to have occurred between November 7 and November 16, 2022. Mr. Khlafa's allegation that OHSU violated ORS 659A.370 when it insisted on the no-rehire provision involves the same people in the same time period during the same settlement negotiations as his ADEA claims. In both actions, Mr. Khlafa seeks lost wages, emotional distress damages, declaratory relief that OHSU violated federal and state law, and injunctive relief barring OHSU from enforcing the no-rehire provision.

(4) The status of pending motions and upcoming case management deadlines follows for each case. Case No. 3:23-cv-01013-SI is set for trial on October 3-6, 2025. Case No. 3:24-cv-02020-SI does not yet, but will soon have, a motion for summary judgment filed by defendant and a motion for remand filed by plaintiff; the Civil Case Assignment Order states that by 120 days from December 4, 2024 (i.e. April 3, 2025), the parties were to complete discovery and meet other pre-trial deadlines.

(5) The cases are already both assigned to Judge Michael H. Simon. With this motion, plaintiff seeks consolidation of his ORS 659A.370 claim from Case No. 3:24-cv-02020-SI with Case No. 3:23-cv-01013-SI. It would be more efficient to try this claim along with plaintiff's ADEA claims in October because there could be one trial, not two. It would also eliminate the need to have two cases. If the Court permits the October trial to include both the ORS 659A.370 claim and the ADEA claims, plaintiff would not need to proceed with Case No. 24-cv-02020-SI and would ask the Court to dismiss the remainder of that case. (Khlafa Decl., ¶

Page 5 of 8 – PLAINTIFF'S MOTION TO CONSOLIDATE

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655

9.) This would eliminate the need to litigate OHSU's motion for summary judgment and Mr. Khlafa's motion to remand in Case No 24-cv-02020-SI (neither of which have yet been filed, but the parties have stated their intent to file them), thereby further saving judicial resources. Consolidation does not need to delay the disposition of either case. There is no need to reschedule the trial of this case to allow more time to try plaintiff's ORS 659A.370 claim. The claim is simple and will only require a few extra questions to be asked of Mr. Khlafa and of OHSU's witness, Darryl Walker, who was OHSU's representative in the settlement negotiations. The trial is already scheduled for three days, which should be more than sufficient time for both claims to be heard.

(6) Plaintiff's counsel has conferred with defendant OHSU's counsel and is informed that defendant objects to consolidation of these actions.

(7) The requests for consolidation are for the purposes of pre-trial proceedings and trial only. Plaintiff does not request a consolidation of judgments or rights to appeal.

### IV.    CONCLUSION

Because of the prevalence of common factual and legal issues, consolidation of these two pending cases against OHSU will greatly promote convenience and judicial economy. As it will not prejudice either party, plaintiff respectfully requests this Court to enter an order consolidating all further proceedings in these actions.

DATED: August 7, 2025.

*s/Monica Goracke*
Monica Goracke, OSB #060650
Hope Del Carlo, OSB #002410
Elemental Law LLC
7805 SW 40th Ave., #19025

Page 6 of 8 – PLAINTIFF'S MOTION TO CONSOLIDATE

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655

Portland, OR 97280
(Tel) 971-339-0189
(Fax) 503-345-6655

Page 7 of 8 – PLAINTIFF'S MOTION TO CONSOLIDATE

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2025, I served a true and correct copy of the attached Plaintiff's Motion to Consolidate by email and first-class mail to the attorney whose address and email address appear below:

Karen O'Kasey
Hart Wagner LLP
1000 SW Broadway 20th Floor
Portland, OR 97205
*kok@hartwagner.com*

                                            By:    *s/Monica Goracke*
                                                       Monica Goracke
                                                       Attorney for Plaintiff Nabil Khlafa

Page 8 of 8 – PLAINTIFF'S MOTION TO CONSOLIDATE

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 971-339-0189
Fax: 503-345-6655