Karen O'Kasey, OSB No. 870696
E-mail: kok@hartwagner.com
HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301
    Of Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **NABIL KHLAFA,** | Case No. 3:23-cv-01013-SI |
| Plaintiff, | **DEFENDANT'S MOTION FOR CONTEMPT ORDER** |
| v. | |
| **OREGON HEALTH AND SCIENCE UNIVERSITY, DANNY JACOBS, DARRYL WALKER, CATHRYN DAMMEL, ILONA COX, SALLYDAY EISELE,** | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

## LR 7-1 CERTIFICATION

The undersigned represents that she conferred in a good-faith effort to resolve the subject of this motion and that the parties were unable to resolve the subject of this motion and the court's ruling is necessary.

The conferral included plaintiff's request for a "payment plan" for a sanctions order that he has failed to pay. For the reasons set forth below, this option is unacceptable to defendant, as plaintiff has engaged in a pattern of ignoring his contractual obligations in the past, even when represented by counsel and OHSU has no reason to believe that plaintiff would comply with any

payment plan agreement.

## MOTION

Defendant moves for a contempt order regarding sanctions awarded by this Court on March 4, 2025. ECF 100. Despite requests for payment since that date, plaintiff has failed to pay the sanctions assessed pursuant to the court's order.

Defendant also moves for an order requiring plaintiff to pay the sanctions in full by a date certain. Defendant relies on the legal argument below, the pleadings on file, and the declaration of Karen O'Kasey attached herein.

## BACKGROUND

On November 1, 2024, the Court ordered plaintiff to show cause about why "citing fake cases and including misleading case descriptions in his motion for leave to file Second Amended Complaint [ECF 44]" should not be sanctioned. (ECF 88; ECF 70). After briefing from both parties, the Court imposed sanctions against Plaintiff for violating Rule 11. (ECF 88).

Plaintiff then filed a motion seeking reconsideration of that order (ECF 92), and a motion to stay the sanction award. (ECF 94). The Court denied plaintiff's motions. (ECF 96). After additional briefing on the attorneys' fees awarded, the Court ordered plaintiff to pay defendant $3,129.75. ECF 100. Plaintiff has failed to pay the sanctions award.

## LEGAL STANDARD

Courts have inherent power to enforce compliance with their lawful orders through the civil contempt process. *Spallone v. United States*, 493 U.S. 265, 276 (1990). Civil contempt occurs when a party disobeys a specific and definite court order by failing to comply with it. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

The test for civil contempt is whether the party: (1) violated a court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence. *Hooks ex rel. NLRB v. Int'l Longshore & Warehouse Union*, 72 F. Supp. 3d 1168, 1183 (D. Or. 2014) (citing *Kukui Gardens Corp. v. Holco Capital Group, Inc.*, 675 F. Supp. 2d 1016, 1023 (D. Haw. 2009)).

The court may use its civil contempt powers for two independent purposes: (1) to force the other party into compliance with the court's order; and (2) to compensate the other party for losses sustained. *Shell Offshore Inc. v. Greenpeace Inc.*, 815 F.3d 623, 629 (9th Cir. 2016).

A sanctions order is immediately enforceable without judgment being entered and a litigant may be held in contempt for failure to timely pay. *Hospitality Mgmt., Inc. v. Preferred Contractors*, 2020 U.S. Dist. LEXIS 249314, at *2-4 (D. Or. Aug. 11, 2020) (ordering immediate payment of sanctions); *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1417 (9th Cir. 1990) (court did not abuse its discretion in holding plaintiff in contempt for failing to pay Rule 11 sanctions).

## LEGAL ARGUMENT

The sanctions order was effective immediately on entry. Plaintiff was required to pay the sanctions within a reasonable time after the order. *Hosp. Mgmt., Inc. v. Preferred Contractors Ins. Co.*, No. 3:18-CV-00452-YY, 2020 WL 8373395, at *1 (D. Or. Aug. 11, 2020) (awarding additional sanctions where sanctioned defendants failed to pay Rule 37 sanctions within a "reasonable period of time," noting that although the court did not set a deadline to pay, it should not have had to).

The purpose of sanctions is to deter sanctionable conduct going forward. *Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1183 (9th Cir. 1986) (the primary purpose of sanctions is to

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

deter subsequent abuses).  The fact that plaintiff was *pro se* is not a reason to avoid payment of sanctions.  *See* ECF 70 at p.3, citing *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

Both the coercive and compensatory purposes of contempt are served in this instance by holding plaintiff in contempt and ordering him to pay the sanctions by a date certain.  Sanctions were awarded after plaintiff relied on fake case law and misrepresented other case law in his pleadings.

Subsequently, plaintiff has continued to pursue litigation against OHSU necessarily causing it to incur additional attorney's fees, while not receiving payment for sanctions to which it is entitled.

Plaintiff's excuse for non-payment is that he cannot afford to pay the sanctions.  Plaintiff has failed to explain why.  He has just asserted this, with no explanation as to why he cannot get a loan with a payment plan.

Plaintiff wishes OHSU to give him a payment plan. The court did not order a payment plan, nor order OHSU to essentially loan plaintiff the money he owes so he can pay it over time. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1241 (9th Cir. 1999) (party arguing impossibility must show categorically and in detail why he is unable to comply).

OHSU is not a bank or other type of financial lender.  If plaintiff needs to make monthly payments, he can obtain the lump sum elsewhere and establish a payment plan with that source.  Aside from the fact that the court did not order OHSU to accept a payment plan, OHSU has no reason to believe the plaintiff would abide by any such agreement, given his failure to comply with his past agreement with OHSU, made while represented by counsel.

After plaintiff signed a full and final release of all claims against OHSU while represented by an attorney, he disregarded his clear contractual obligations to OHSU (to not

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

pursue litigation against it), by not only filing this lawsuit, but numerous EEOC and Bureau of Labor and Industries complaints, additional tort claims notices and yet another state court lawsuit (O'Kasey Dec.¶ 3). Based on this persistent past behavior, there is no reason whatsoever to believe that plaintiff would suddenly comply with another contractual agreement.

For these reasons, OHSU moves for a contempt order and an order that the full sanction amount be paid by a date certain or face the additional remedy for failure to pay sanctions—dismissal of this case. *Van Bronkhorst v. Safeco Corp*., 529 F.2d 943, 947-48 (9th Cir. 1976) (action may be dismissed for failure to comply with court order); *Malone v. United States Postal Serv*., 833 F.2d 128, 130 (9th Cir. 1988), cert. denied, 488 U.S. 819 (1988) (same).

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff is in contempt of court and should be directed to pay the sanctions awarded within ten days of any order.

DATED this 8th day of August, 2025.


HART WAGNER LLP


By: */s/ Karen O'Kasey*
_____
Karen O'Kasey, OSB No. 870696
kok@hartwagner.com
Of Attorneys for Defendant

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of August 2025, I served the foregoing

**DEFENDANT'S MOTION FOR CONTEMPT ORDER** on the following party at the

following address:

> Monica Goracke
> Hope Del Carlo
> Elemental Law LLC
> 7805 SW 40th Ave., #19025
> Portland, OR 97280
> hope@elemental.law
> monica@elemental.law
> *Of Attorneys for Plaintiff*

by electronic means through the Court's Case Management/Electronic Case File system.

*/s/ Karen O'Kasey*
Karen O'Kasey

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile:  (503) 222-2301**