Monica Goracke, OSB No. 060650
Hope Del Carlo, OSB No. 002410
monica@elemental.law
hope@elemental.law
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel.: (971) 339-0189
Fax: (503) 345-6655
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NABIL KHLAFA**, <br><br> *Plaintiff,* <br><br> v. <br><br> **OREGON HEALTH AND SCIENCE UNIVERSITY**, <br><br> *Defendant.* | Case No.: 3: 23-cv-01013-SI <br><br> **PLAINTIFF'S TRIAL MEMORANDUM** |

I. INTRODUCTION

Plaintiff Nabil Khlafa's remaining claims in this case are for two violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*., disparate treatment and retaliation. Plaintiff is entitled to a jury trial on both claims.

II. STATEMENT OF FACTS

1   PLAINTIFF'S TRIAL MEMORANDUM

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

Nabil Khlafa worked as a Health Information Specialist 2 in OHSU's Health Information Management Department, an entry-level position. He began his employment in 2007 and worked there for more than 15 years, in the same entry-level position. Mr. Khlafa had very positive performance reviews from multiple supervisors until 2016. That year, he made a complaint that his supervisor had discriminated against him based on his race, his age, and his having taken medical leave. Two months later, his supervisor gave him a highly critical performance review. Beginning around this time, Mr. Khlafa made a series of complaints and reports both internally at OHSU and externally to other state and federal agencies. In these complaints and reports, he alleged age discrimination as well as other legal violations. OHSU did not find merit in any of his internal complaints.

During his employment, Mr. Khlafa applied for more than 100 other jobs at OHSU. He was not chosen for any of the jobs. For many of these jobs, OHSU chose younger applicants with fewer qualifications than he had. In 2019, his supervisor asked him to leave a team meeting to discuss work improvements. He was the only person asked to leave the room, and everyone else in the room was younger than he was.

By 2022, Mr. Khlafa had two pending appeals of the denials of workers' compensation claims that he had made for mental stress caused at work. He had also sent a tort claim notice to OHSU alleging age discrimination and other civil rights violations. A mediation was scheduled at which all of these claims were to be addressed. The mediation was held by telephone on November 7, 2022. Eight days later, on November 15, Mr. Khlafa signed a settlement agreement which provided that his employment with OHSU would end the following day, November 16, 2022. OHSU chose the terms of the settlement agreement. The settlement agreement included a release of all claims arising up to and including the date of execution of the agreement. It

2    PLAINTIFF'S TRIAL MEMORANDUM

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

included a provision that Mr. Khlafa could not apply for or accept employment with OHSU or any of its contractors in the future—which OHSU insisted upon as "non-negotiable." In exchange, OHSU was to make a payment of $200,000, of which $150,000 was payable to Mr. Khlafa (before taxes), and $50,000 to Mr. Khlafa's attorney.

The settlement agreement did not include language giving Mr. Khlafa seven days to revoke the agreement. Nor was he given 21 days to consider the agreement, because OHSU insisted that his termination date had to be November 16, 2022. Mr. Khlafa signed the settlement because the mediator told him that if he did not sign it, OHSU had the intent to, and would keep him in an entry-level job for the remaining years of his employment, and would find a way to terminate his employment anyway. His employment ended because of the settlement on November 16, 2022.

### III.  LEGAL ISSUES FOR TRIAL

Mr. Khlafa has asserted two theories of recovery under the ADEA, 29 U.S.C. § 621, *et seq.*: disparate treatment and retaliation.

To succeed on his disparate treatment claim, he must show that his age was a but-for cause of an adverse action—which, in this case, is his constructive discharge. *See Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 180 (2009). To succeed on his constructive discharge claim, he must show that a reasonable person in his position would have felt that he was forced to quit because of intolerable and discriminatory working conditions. *See Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1144 (9th Cir. 2001). A single, isolated instance of discrimination is insufficient to support a constructive discharge finding; the plaintiff must show some aggravating factors, such as a continuous pattern of discriminatory treatment. *Watson v. Nationwide Ins.*, 823 F.2d 360, 361 (9th Cir. 1987) (internal citations

3   PLAINTIFF'S TRIAL MEMORANDUM

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

omitted). "[T]he plaintiff in a disparate treatment case must show the employer's intent to discriminate, but intent may be inferred from circumstantial evidence." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (*citing Domingo v. New England Fish Co.*, 727 F.2d 1429, 1435 (9th Cir. 1984)).

The elements of plaintiff's disparate treatment claim are as follows: (1) whether OHSU constructively discharged Mr. Khlafa or subjected him to adverse employment action; (2) whether Mr. Khlafa was 40 years of age or older when he was constructively discharged or subjected to adverse employment action; and (3) whether, but for his age, OHSU would not have constructively discharged him or subjected him to adverse action. With regard to the third element of the claim, plaintiff's age need not be the only cause of the constructive discharge, as events may have multiple but-for causes. *See Bostock v. Clayton County*, 590 U.S. 644, 656-57 (2020).

Mr. Khlafa will meet the first element of his burden of proof by offering evidence that he felt reasonably forced to quit as a result of the events of and circumstances surrounding the mediation, including his reasonable belief that if he did not sign, OHSU would keep him in an entry-level position for the remaining years of his employment and would find a way to terminate his employment anyway; OHSU failed to give him the amount of time required by law for older employees to consider or revoke the agreement; OHSU insisted on a no-rehire provision in the settlement agreement; and OHSU demanded that he sign the settlement by the date that it had pre-selected for his termination. He will meet the second element of his burden of proof by offering evidence that he was 56 years old when he was constructively discharged. He will meet the third element of his burden of proof by offering evidence that OHSU had treated him poorly because of his age for years by failing to promote him into any other job, giving him

4   PLAINTIFF'S TRIAL MEMORANDUM

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

negative performance reviews, and excluding him from a meeting, and therefore would not have constructively discharged him but for his age.

To succeed on his retaliation claim, Mr. Khlafa must show that his complaints about age discrimination were a but-for cause of an adverse action (again, the constructive discharge) that might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *See Burlington Northern & Santa Fe Ry v. White*, 548 U.S. 53, 68 (2006).

As this Court has held, "the definition of 'adverse employment action' in the context of a retaliation claim is different from the definition of 'adverse employment action' in the context of a disparate-treatment claim. Whereas an adverse employment action for purposes of a disparate-treatment claim must materially affect the terms and conditions of a person's employment, an adverse action in the context of a retaliation claim need not materially affect the terms and conditions of employment so long as 'a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" (Doc. 68, p. 6, citing *Burlington*, 548 U.S. at 68, and *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173-174 (2011).)

The elements of plaintiff's retaliation claim are as follows: (1) whether Mr. Khlafa participated in an activity protected under federal law by filing discrimination complaints during his employment with OHSU; (2) whether OHSU constructively discharged Mr. Khlafa or subjected him to adverse employment actions; and (3) whether, but for his participation in an activity protected under federal law, OHSU would not have constructively discharged Mr. Khlafa or subjected him to adverse employment action. Again, the but-for causation standard does not mean that plaintiff must prove that his age or his complaints about age discrimination were the *sole* cause of his constructive discharge. The Supreme Court held in *Bostock* that "a

5     PLAINTIFF'S TRIAL MEMORANDUM

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision. So long as the plaintiff's [age] was one but-for cause of that decision, that is enough to trigger the law." *Bostock*, 590 U.S. at 656 (internal citations omitted).

Mr. Khlafa will meet his burden of proof by offering evidence (1) that he filed multiple discrimination complaints during his employment at OHSU; (2) that he felt reasonably forced to quit as a result of the events of and circumstances surrounding the mediation, including his reasonable belief that if he did not sign, OHSU would keep him in an entry-level position for the remaining years of his employment and would find a way to terminate his employment anyway; OHSU failed to give him the amount of time required by law for older employees to consider or revoke the agreement; OHSU insisted on a no-rehire provision in the settlement agreement; and OHSU demanded that he sign the settlement by the date that it had pre-selected for his termination; and (3) that OHSU constructively discharged Mr. Khlafa because of his filing of multiple discrimination complaints during his employment.

IV.    DEFENSES

While waiver is a defense to ADEA claims in which the claimant previously released his or her claim, the defense is not available to OHSU in this case. Aas this Court held in its Order Partially Granting Summary Judgment, dated December 12, 2023 (Doc. 31), the OWBPA provides that "[a]n individual may not waive any right or claim under [the ADEA] unless the waiver is knowing and voluntary." 29 USC § 626(f)(1). To be "knowing and voluntary," an employee over 40 years old must be "given a period of at least 21 days within which to consider the agreement." 29 USC § 626(f)(1)(F). In addition, the agreement must "provide[] that for a period of at least 7 days following the execution of [the] agreement, the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation

6    PLAINTIFF'S TRIAL MEMORANDUM

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

period has expired." 29 U.S.C. § 626(f)(1)(G). If the agreement does not include these safeguards, then it cannot be enforced, only as to the ADEA claims. *See Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 427-28 (1998). Furthermore, a plaintiff's retention of money received pursuant to an invalid waiver does not "amount to a ratification equivalent to a valid release of [the plaintiff's] ADEA claims, . . . and the employer cannot invoke the employee's failure to tender back as a way of excusing its own failure to comply." *Oubre*, 522 US at 428.

Mr. Khlafa will present evidence that the waiver he signed on November 15, 2022, does not contain a provision allowing him to revoke it within 7 days. Nor was he given 21 days to consider the agreement, as OHSU presented him with the agreement on November 10 and told him it had to be signed by November 16. Therefore, the waiver is ineffective as to his ADEA claims, although not to his other claims of discrimination.

V.     REMEDIES AND TRIAL BY JURY

Under the ADEA, the court has jurisdiction "to grant such legal or equitable relief as may be appropriate to effectuate the purposes of [the ADEA], including without limitation judgments compelling employment, reinstatement or promotion." 29 USC § 626(b); *see also McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 356-57 (1995).

In cases involving an employee's discharge because of age, courts frequently consider whether the discharged plaintiff should be reinstated or should be awarded future damages (or "front pay") to some date in the future. The preferred remedy is reinstatement. *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir 1987), *cert. den.*, 484 U.S. 1047 (1988). When reinstatement is not feasible (for example, when the relationship is hostile or no position is available), the court may award front pay. *Cassino*, 817 F.2d at 13, 46–47; *see also*

7     PLAINTIFF'S TRIAL MEMORANDUM

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

*Thorne v. City of El Segundo*, 802 F.2d 1131, 1137 (9th Cir. 1986). Both front-pay awards and back-pay awards are subject to reduction when the plaintiff has failed to mitigate.

The ADEA does not permit recovery of compensatory damages for pain and suffering or punitive damages, but does permit recovery of lost wages (deemed to be unpaid minimum wages or overtime compensation for purposes of the Fair Labor Standards Act), liquidated damages, and attorney fees and costs. In addition, a plaintiff may seek recovery of fringe benefits under the ADEA and Title VII's "make whole" doctrine. *See Kelly v. Am. Standard, Inc.*, 640 F.2d 974, 986 n.20 (9th Cir. 1981); *Am. Ass'n of Retired Persons v. Farmers Grp., Inc.*, 943 F.2d 996, 1007 (9th Cir. 1991); *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 374 (3rd Cir. 2004); *Mitchell v. Seaboard Sys. R.R.*, 883 F.2d 451, 452 (6th Cir. 1989).

Plaintiff requests that the jury determine the damages attributable to back pay and benefits. Plaintiff's wage loss is measured by the difference between what plaintiff would have earned in the absence of the unlawful conduct less amounts earned through other employment. Upon establishing liability, the plaintiff's burden of proof on damages is to establish economic loss. This can be done through evidence of the existence and amount of loss and a causal link to the defendant's conduct. *See, e.g., Goff v. USA Truck, Inc.*, 929 F.2d 429, 430 (8th Cir. 1991). Upon submission of evidence of economic loss, plaintiff's damages are established. Thereafter, defendant bears the burden of proving the award should not be made. *Fadhl v. City and County of Los Angeles*, 741 F.2d 1163, 1167 (9th Cir. 1984).

Mr. Khlafa will establish through personnel and tax records that he made approximately $1,120 per week at the time he was terminated from employment at OHSU.[1] His lost benefits

---

[1] OHSU has not yet provided plaintiff's pay records, despite repeated requests to do so. Plaintiff may need to update his estimation of damages once those are provided.

8   PLAINTIFF'S TRIAL MEMORANDUM

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

include health insurance for the nine months of unemployment, the cash value of which is $2,601. He will establish that during 2023, he made $17,130.58 from his employment, and during 2024, he made $63,846.47 from employment. To date in 2025, he has made $51,018.48 from his employment. His total back pay damages, including mitigation, should therefore be calculated at approximately $38,605.47.

Since front pay damages under the ADEA are a form of equitable relief, this Court has the discretion to employ an advisory jury as to whether an award of front pay is appropriate, and if so, in what amount, but the Court has the final decision-making authority on front pay. *Sweeney v. Chang*, 2019 U.S. Dist. LEXIS 54552 at *16-17 (C.D. Cal. 2019) (*citing Julian v. City of Houston, Tex.*, 314 F.3d 721, 729 (5th Cir. 2002) and 9 Charles A. Wright et al., Federal Practice & Procedure § 2335 (3d ed., 2018). Because Mr. Khlafa was able to find a job nine months after his termination from OHSU, front pay damages are not available in this case.

In addition to his economic damages, plaintiff requests a post-trial award from the Court of pre-judgment interest at the statutory rate of 9% on lost wages. Pre-judgment interest is properly assessed by the Court after trial. *Golden State Transit v. City of Los Angeles*, 773 F. Supp. 204 (C.D. Cal. 1991).

Liquidated damages are available under the ADEA "only in cases of willful violations." 29 USC § 626(b). A violation is willful if the employer either knows that its actions violate the ADEA or acts in reckless disregard of whether it is violating the ADEA. *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126–27 (1985); *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1496 (9th Cir. 1986) (adopting the *Thurston* standard for use in ADEA cases). Liquidated damages cannot exceed the back-pay award. *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1348–49 (9th Cir. 1987), *cert. den.*, 484 U.S. 1047 (1988); 29 USC § 216. Plaintiff will

9    PLAINTIFF'S TRIAL MEMORANDUM

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

seek liquidated damages on the basis of all of the evidence, including witness testimony and exhibits, at trial. The availability of liquidated damages is determined by the court after the jury has awarded back pay. *Torgyik v. GMPH One Inc.*, No. CV-16-04431-PHX-DJH, 2019 U.S. Dist. LEXIS 56757, at *22 (D. Ariz. Apr. 2, 2019), *citing* 29 USC § 216(b).

Reasonable attorney fees as well as costs are available to a prevailing plaintiff in an action under the ADEA. 29 USC § 216(b). The attorney fees and costs claim should be addressed after trial.

VI.   CONCLUSION

Based on the foregoing, plaintiff respectfully requests that his claims proceed to trial and the evidence be submitted to the jury for a determination on the merits of his claims.

Dated this 2nd day of September, 2025,

*s/Monica Goracke*
Monica Goracke, OSB No. 060650
Hope Del Carlo, OSB No. 002410
monica@elemental.law
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372
Attorneys for Plaintiff

10   PLAINTIFF'S TRIAL MEMORANDUM

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655