Karen O'Kasey, OSB No. 870696
E-mail: kok@hartwagner.com
HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301
    Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NABIL KHLAFA,** | Case No. 3:23-cv-01013-SI |
| Plaintiff, | **DEFENDANT'S TRIAL MEMORANDUM** |
| v. | **TRIAL DATE: October 6, 2025** |
| **OREGON HEALTH AND SCIENCE UNIVERSITY, DANNY JACOBS, DARRYL WALKER, CATHRYN DAMMEL, ILONA COX, SALLYDAY EISELE,** | **The Honorable Michael H. Simon** |
| Defendants. | |

## FACTUAL INTRODUCTION

This is an employment claim under the federal Age Discrimination and Employment Act ("ADEA"). Plaintiff worked for Oregon Health and Science University ("OHSU") as a Health Information Specialist (ECF 38 at ¶ 2). In 2021, plaintiff filed a workers' compensation claim for an on-the-job illness. The claim was accepted and processed by OHSU's workers' compensation carrier, SAIF. In the fall of 2022, the

workers' compensation carrier decided to attempt to settle remaining workers' compensation issues.

As plaintiff had pending employment complaints, OHSU decided to try to resolve those issues as well. Darryl Walker attended the mediation on behalf of OHSU, for purposes of resolving employment claims. A separate SAIF attorney represented OHSU on the workers' compensation claim.

A mediation was scheduled with Administrative Law Judge Geoffrey Wren. On November 7, 2022, plaintiff attended the mediation with his attorneys Russell Gomm, and Martie McQuade. Mr. Gomm represented plaintiff for purposes of employment claims. Ms. McQuade represented him on the workers' compensation claim.

The mediation resulted in an agreement on the employment claims. Between the date of the mediation and November 15, 2022, Mr. Walker and Mr. Gomm negotiated and finalized the release that was signed by plaintiff. After signing the release and receiving the settlement funds, plaintiff filed this action, alleging numerous federal and state employment discrimination claims.

After extensive motion practice, this court held that the release was unenforceable as to any ADEA claim because the language required by the OWBPA was not included in the release. The court narrowed that claim to any alleged acts of age discrimination occurring between November 7, 2022, and November 16, 2022 (ECF 68, p. 20).

Plaintiff brings two claims: (1) a disparate treatment claim for being constructively discharged; *i.e.* forced to resign as part of the release because of his age; and (2) a retaliation claim alleging he opposed age discrimination, and as a result, was

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

constructively discharged, and was not provided the required OWBPA language notifying him of his revocation rights once he was given the release to sign.

## APPLICABLE LAW

### I.     The Disparate Treatment Claim.

In order to prove age discrimination based on disparate treatment, plaintiff must first prove he was constructively discharged by OHSU.  This is the only adverse employment action plaintiff alleges.  The constructive discharge theory is based on a claim that because of his age, plaintiff was asked to resign as part of the release.

Plaintiff must show that between November 7, 2022, and November 16, 2022, OHSU: (1) created intolerable working conditions because of his age; (2) under which a reasonable person in his position would have felt the need to resign; and (3) plaintiff resigned because of those intolerable working conditions.  *Satterwhite v. Smith*, 744 F.2d 1380, 1381-1382 (9th Cir. 1984); *Watson v. Nationwide Ins. Co.*, 823 F.2d 360, 361 (9th Cir. 1987).

The admissible evidence at trial will show that during the mediation, plaintiff was represented by counsel, Russell Gomm.  The evidence will show that during the mediation, an agreement was reached regarding all employment claims, and that over the course of the days between the mediation and the date plaintiff signed the release and voluntary resignation, Darryl Walker worked with Mr. Gomm in negotiating the terms.

The evidence will show that plaintiff agreed to the release and the resignation. The evidence will show that during this time, plaintiff was on leave from work so was not subjected to any intolerable working conditions between the mediation and the date he

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

signed the agreement. The evidence will show that plaintiff's age was not the reason for the requested release and that plaintiff could have refused to sign it and remain employed at OHSU.

Plaintiff relies on a statement he claims was made by the mediator to either himself or his lawyer about what would happen if he did not quit his job as part of the release. This evidence is inadmissible at trial for all the reasons explained in defendant's motions in limine. Plaintiff has no evidence that between November 7, 2022, and November 16, 2022, he was subjected to intolerable working conditions created by OHSU because of his age, or that any working conditions forced him to resign.

## II. The Retaliation Claim.

To prevail on the retaliation claim, plaintiff must show that he opposed age discrimination and as a result was constructively discharged. Plaintiff must also show that OHSU failed to include language in the release as required by the OWBPA in retaliation for plaintiff opposing age discrimination.

As a practical matter, plaintiff suffered no adverse action because of the omission of the OWBPA language. The release was declared invalid by this court as to the ADEA claim. Plaintiff has been allowed to pursue his age discrimination claim, which is the only thing the inclusion of the required language would have prevented.

Both claims are decided based on a "but-for" causation standard. *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 349 (2013) ("but-for" causation standard applies to discrimination claims under the ADEA and retaliation claims).

Plaintiff must show that but-for his age, he would not have been asked to resign.

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

## III.    Damages Limitations.

The ADEA does not provide for recovery of compensatory damages, such as emotional distress damages. *Naton v. Bank of Cal.*, 649 F.2d 691, 698 (9th Cir. 1981); *Cancellier v. Federated Dept. Stores*, 672 F.2d 1312, 1317 (9th Cir. 1982).

The remedies available under the ADEA are back pay, liquidated damages, and equitable relief. 29 U.S.C. § 216; *Lorillard v. Pons*, 434 U.S. 575, 582 (1978).

Plaintiff is entitled to a jury trial on the issue of back pay; front pay is an equitable claim and is decided by the court. *Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1337 (9th Cir. 1987). Plaintiff concedes he is not seeking front pay. (ECF 130, p.8-9).

## IV.    Setoff/Recoupment Issues.

Plaintiff received a settlement payment of $200,000 for his release of all claims against OHSU ($50,000 of which was paid to his attorney). Although plaintiff need not tender back the settlement proceeds to maintain an ADEA claim, any damages award raises the issue of OHSU's potential entitlement to recoupment or setoff for those sums. *Oubre v. Entergy Operations*, 522 U.S. 422, 428 (1998). The EEOC promulgated 25 C.F.R. § 1625.23(c)(1), providing that "courts have the discretion to determine whether an employer is entitled to restitution, recoupment, or setoff… against an employee's monetary award." The purpose of back pay under the ADEA is

///

///

///

///

Page 5 -    **DEFENDANT'S TRIAL MEMORANDUM**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

to restore the employee to the position he or she would have been in absent the discrimination. *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 362 (1995).

DATED this 9th day of September, 2025.

HART WAGNER LLP

By: */s/ Karen O'Kasey*
Karen O'Kasey, OSB No. 870696
kok@hartwagner.com
Of Attorneys for Defendant

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of September, 2025, I served the foregoing

**DEFENDANT'S TRIAL MEMORANDUM** on the following party at the following address:

Monica Goracke
Hope Del Carlo
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
hope@elemental.law
monica@elemental.law
    *Of Attorneys for Plaintiff*

by electronic means through the Court's Case Management/Electronic Case File system.


*/s/ Karen O'Kasey*
_____
Karen O'Kasey

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile:  (503) 222-2301**