Hope Del Carlo, OSB No. 002410
Monica Goracke, OSB No. 060650
hope@elemental.law
monica@elemental.law
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel.: (971) 339-0189
Fax: (503) 345-6655
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NABIL KHLAFA**, <br><br> *Plaintiff,* <br><br> v. <br><br> **OREGON HEALTH AND SCIENCE UNIVERSITY**, <br><br> *Defendant.* | Case No.: 3: 23-cv-01013-SI <br><br> **PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA** |

    The plaintiff, Nabil Khlafa, submits the following response to the Motion to Quash Subpoena, filed by the Oregon Workers' Compensation Board (OWCB) and OWCB Administrative Law Judge Geoffrey Wren (ALJ Wren).

### 1. Plaintiff Should Be Allowed To Testify About the Mediator's Statements

    As stated in plaintiff's motions in limine, plaintiff has offered his assertion about the mediator's statement during the mediation as relevant evidence of his own state of mind and

1    PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

intent during November 7 to 16, 2022. It is not being offered for the truth of the matter asserted, because (1) it is a statement about the future, of which no one can know the truth, and (2) plaintiff has no way to know whether OHSU told the mediator to tell plaintiff these things, and OHSU will deny that it did so. Regardless of whether OHSU originally told the mediator to make this statement to plaintiff, the evidence will show that OHSU had already kept plaintiff in an entry-level position for 15 years, denying all of his efforts to advance or to change jobs, and that OHSU very much wanted to terminate plaintiff's employment. The mediator's statement served to confirm and bolster plaintiff's fears about what could happen if he did not sign the settlement. For this reason, it is highly relevant to the question of whether a person in plaintiff's position would have reasonably felt that he had no alternative but to quit because of intolerable and discriminatory working conditions, i.e. it supports his constructive discharge claim. *See Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1144 (9th Cir. 2001).

Defendant as well as OWCB and ALJ Wren argue that plaintiff may not offer the mediator's statement because Oregon law precludes mediation communications from admission in any subsequent judicial proceeding. *See* ORS 36.222. Under Federal Rule of Evidence 501, in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision. Fed. R. Evid. 501. Federal courts do not consider a state privilege controlling where the claim or defense is not one in which state law supplies the rule of decision. In *Babasa v. LensCrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007), the defendant argued that a letter it received notifying it of the amount in controversy was not admissible evidence because the letter was privileged under state law. The court held that determination of the value of the controversy for purposes of federal jurisdiction was a federal question, and therefore state law mediation

2    PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

privilege did not control its admissibility. *Babasa*, 498 F.3d at 974-75. Similarly, the federal court in *Molina v. Lexmark Int'l, Inc.*, 2008 U.S. Dist. LEXIS 83014 (C.D. Cal. 2008), was faced with a similar factual scenario to *Babasa* and declined to apply state law privilege. Notably, the *Molina* decision also addresses a different California federal decision that did recognize a federal common law mediation privilege, *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F.Supp.2d 1164 (C.D. Cal. 1998), holding that *Folb* and cases following it only recognized the existence of such a privilege in situations where a third party who did not participate in a formal mediation sought to obtain discovery of mediation communications. *Molina*, 2008 U.S. Dist. LEXIS 83014 at *25-26; *see also Thomasian v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 119554 (D. Or. 2013) (declining to allow third-party discovery of confidential mediation communications), *Ciuffitelli v. Deloitte & Touche LLP*, 2018 U.S. Dist. LEXIS 225087 (D. Or. 2018) (also declining to allow third-party discovery of confidential mediation communications). Moreover, even where there are pendent state law claims presented along with federal question claims, federal privilege law applies. *Sony Computer Entertainment Amer., LLC v. HannStar Display Corp. (In re TFT-LCD (Flat Panel) Antitrust Litig.*, 835 F.3d 1155, 1158-59 (9th Cir. 2016).

      Here, plaintiff's claims are under the ADEA, and therefore state law does not supply the rule of decision. Nor is a third party seeking discovery of communications made during mediation. Therefore, the Court should allow Mr. Khlafa to testify about the mediator's statement, as it is critical to his constructive discharge claim. Defendant may offer its own testimony that it did not make such a statement and did not tell the mediator to convey that message to plaintiff, and the jury should weigh the credibility of each party.

3    PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

The OWCB and ALJ Wren incorrectly cite *Giganews, Inc. v. Perfect 10, Inc.*, 2019 U.S. Dist. LEXIS 57766 (C.D. Cal. March 13, 2019), for the holding that state statutory mediation privilege bars the admission in federal court of statements made pursuant to a mediation. That case was a diversity jurisdiction case, and the claims in the case apparently arose under both California and federal law (based on a review of earlier opinions in the case). The California federal district court applied California's statute perfunctorily to two of the three statements that were being offered as evidence, with no analysis of whether the statute should apply. *Giganews, Inc.*, 2019 U.S. Dist. LEXIS 57766 at *7-10. However, the Ninth Circuit cases cited by plaintiff above, *Babasa v. LensCrafters* and *Sony Computer Entertainment Amer., LLC v. HannStar Display Corp.*, as well as FRE 501, provide the controlling rule here. That is, where federal law supplies the rule of decision, state mediation privilege does not control admissibility of a statement made in connection with mediation, even if there are pendent state claims along with the federal claims.

**2. Rule 408 Does Not Preclude Plaintiff From Testifying About the Mediator's Statements**

Both defendant and OWCB and ALJ Wren argue that Federal Rule of Evidence 408 also prohibits plaintiff from testifying about the mediator's statement. Rule 408, "Compromise Offers and Negotiations," states in full:

> **(a) Prohibited Uses.** Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> **(1)** furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
> **(2)** conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

4    PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

**(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

On its face, Rule 408 does not establish a broad protection for the confidentiality of all mediation communications. Unlike attorney-client privilege or other types of privilege between someone counseling and someone being counseled, Rule 408 bars specific types of evidence for specific purposes, none of which apply here, and in this case, Rule 408 does not preclude Mr. Khlafa's statements from being admitted into evidence. First, plaintiff is not offering the mediator's statement to prove or disprove the validity of the disputed claims – that is, plaintiff's workers' compensation claims and employment discrimination claims that were the subject of the mediation on November 7, 2022. Instead, plaintiff is offering the statement to prove his subsequent claim, which is that he was constructively discharged in connection with the settlement of his earlier legal claims.

In addition, under section (a)(1), the mediator's statement is not "furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim." Likewise, under section (a)(2), the mediator's statement is not "conduct or a statement made during compromise negotiations *about the claim*" – that is, it is not about the current constructive discharge claim. The mediator's statement is a prediction about what was likely to happen if plaintiff did not accept the settlement of his earlier claims. While the mediator's statement is, in a very broad sense, related to the current claim, Rule 408(a)(2) should not be read so broadly, as that would give parties leeway to say or do nearly anything in a mediation, including threats or other inappropriate words or conduct that might give rise to other claims, such as the alleged constructive discharge here.

5    PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

Finally, there are other purposes to admit the mediator's statement, as described above, and thus it falls under the exceptions in Rule 408(b). In fact, the court in *Giganews, Inc.* ruled that the third statement, apparently not made in connection with a mediation but still a settlement offer, was admissible as a Rule 408(b) exception because there were various purposes to admit evidence of that statement other than to prove or disprove the validity of the underlying claim. *Giganews, Inc., id*. at *9-10. As stated above, ALJ Wren's alleged statement is a prediction about what was likely to happen if plaintiff did not accept the settlement and remained employed with OHSU: that is, OHSU would continue to keep him in an entry-level job and would find a way to terminate his employment anyway. As such, it is directly relevant to establish plaintiff's state of mind and intent, in that it supports the reasonableness of Mr. Khlafa's fear as he was considering his options: either to accept termination or to be punished for staying. He will testify that Mr. Wren's statement factored into his choice to sign the settlement and allow OHSU to terminate his employment. To the extent that the mediator's statement reflects his opinion about what OHSU was likely to do, based on his conversations with OHSU and his years of experience mediating employment disputes, it also helps demonstrate OHSU's intent and state of mind regarding plaintiff's continued employment.

### 3. Admission of the Mediator's Statement Does Not Undermine Mediation Policy Goals

Both defendant and OWCB and ALJ Wren argue that admission of mediation communications would undermine the policy goals of mediation to encourage early resolution of claims without litigation. The Alaska federal district court analyzed a similar policy concern in *Roberts v. City of Fairbanks*, 2021 U.S. Dist. LEXIS 164486 (D. Alaska August 31, 2021). In *Roberts*, the defendants sought to depose a retired state court judge who had mediated earlier

6   PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

settlement agreements about her observations of and information related to that mediation process. The plaintiffs argued that allowing this deposition was "not within the best interest of comity amidst our dual system of jurisprudence and is not in keeping with…maintaining respect for both the state system of jurisprudence and the federal system." *Id.* at *14 (quotations and internal citations omitted). The court, having already noted that "there is no federal mediation privilege in the federal rules and the Ninth Circuit has not recognized a mediation privilege under the federal common law," held that the retired judge's testimony was potentially relevant and that comity was not disturbed by allowing her deposition. *Id.* at *12, *15.

While the goal of encouraging mediation of disputes is laudable, just as the state/federal comity principle is laudable, these types of general policy concerns should not ban evidence that is relevant for the purposes that plaintiff has identified and is not barred under Rule 408 for the reasons stated above.

4. **If the Court Grants the Motion to Quash, Plaintiff Requests a Ruling Tailored to the Subpoena at Issue**

To the extent that the Court is inclined to grant the Motion to Quash, plaintiff respectfully requests the Court for a ruling that is specific to ALJ Wren's personal testimony and defendant's proffered reasons for compelling that testimony, as opposed to a broader ruling that would preclude plaintiff from testifying about what the mediator told him at the mediation.

Dated this 25th day of September, 2025,

*s/Monica Goracke*
Monica Goracke, OSB No. 060650
Hope Del Carlo, OSB No. 002410
monica@elemental.law

7   PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA

ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372
Attorneys for Plaintiff

8    PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA

**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655